Filed April 2, 1884.

———————◆———————

No. 10,855.

HITE v. SIMS ET UX.

94  333
144  491

WILL.—Resisting Probate.—Calling Jury as to Questions of Fact.—Chancery Practice.—Special Findings.—Where, in an action resisting the probate of a will, the court, of its own motion and without objection, calls a jury and submits to them material questions of fact without requiring them to find a general verdict, the answers of the jury are not binding upon the court, but are, as in chancery practice, simply advisory, and the court may make its own finding upon the evidence, contrary to such answers.

SAME.—Fraud.—Unsoundness of Mind.—Delusion.—Where, in such action, resisting the probate of a will because of alleged unsoundness of the testator's mind, and fraud practiced upon him, when making the will, it is found that the testator, when making the will, was of sound mind, and not overcome by persuasions, importunities, coercion, force or threats, and that he was laboring under no delusion as to the amount of his property, a further finding that he was laboring under a delusion that certain of his children contestors had treated him badly will not justify a refusal to admit the will to probate.

From the Greene Circuit Court.

*A. G. Cavins* and *E. H. C. Cavins*, for appellant.

*E. E. Rose* and *L. Shaw*, for appellees.

HAMMOND, J.—The appellant is the widow and one of the devisees of Joseph Hite, deceased. The appellee Mary E. Sims, wife of her co-appellee, is the daughter of the decedent by a former marriage. This was a proceeding by the appellees to resist the probate of said Joseph Hite's will, on the alleged grounds that he was of unsound mind at the time of its execution, and that its execution was procured by fraud. No question is made as to the pleadings or parties. The case, by agreement of parties, was submitted to the court for trial. The court, of its own motion, directed the calling of a jury and submitted to them certain interrogatories, which they answered without returning a general verdict. The questions asked and the jury's answers thereto were as follows:

" 1. Was Joseph Hite, at the time he executed the will offered for probate, of sufficient mind and memory to know the extent and value of his property, and what each of his children deserved out of his estate, with reference to their conduct towards him, and also their necessities; and did he have sufficient active memory to retain all these facts in his mind long enough to have his will prepared and executed? Ans. Yes.

" 2. At the time Joseph Hite made his will were there any persuasions in regard to making his said will, of such character and degree, brought to bear on him that he could not resist them in making his will? Ans. No.

" 3. At the time Joseph Hite made his will were there any importunities in regard to making said will, of such character and degree, brought to bear on him that he could not resist them in making his will? Ans. No.

" 4. At the time Joseph Hite made his will was there any force, of such character and degree, brought to bear on him in regard to making his will that he could not resist said force in making said will? Ans. No.

" 5. At the time Joseph Hite made his will was there any

coercion, of such character and degree, brought to bear on him in regard to making his will that he could not resist said coercion in making his said will? Ans. No.

" 6. At the time Joseph Hite made his will were there any threats, of such character and degree, brought to bear on him in regard to making his will that he could not resist said threats in making his said will? Ans. No.

" 7. At the time Joseph Hite made his will was he laboring under a delusion, which had no existence at all except in his own imagination, in regard to the amount and value of the property he had advanced to his children by his first wife? Ans. No.

" 8. At the time Joseph Hite made his will was he laboring under a delusion, which had no existence at all except in his own imagination, in regard to the conduct of his children by his first wife toward him? Ans. Yes."

The appellant moved for judgment admitting the will to probate upon the answers of the jury to interrogatories, which was overruled. The court then made a finding and rendered judgment against the validity of the will and refusing its admission to probate. The appellant moved for a new trial for causes, *inter alia*, that the finding was not sustained by sufficient evidence and was contrary to law. This motion was overruled.

The jury, by their answers to interrogatories, found, in legal effect, that the testator at the time of making his will was of sound mind, and that such will was not the result of persuasions, importunities, coercion, force or threats; and that he was laboring under no delusion with regard to the amount and value of the property he had advanced to his children by his first wife. The answer to the eighth question, that when he made the will he was laboring under a delusion respecting the conduct of the children of his first wife, does not in any way militate against his testamentary capacity or the due execution of his will. It is not found whether the delusion mentioned related to the good or bad conduct of the children by

his first wife, or that it was an insane delusion, or in any way affected the provisions of the will. The answers to the interrogatories, taken altogether, are wholly irreconcilable with the finding of the court, and yet we can not say that there was error in refusing to admit the will to probate on such answers. The case was tried by the court under the chancery practice, the court, for its own information, simply taking the opinion of the jury upon certain questions of fact. In such case a party is not, of right, entitled to judgment on the special findings of the jury. The court makes its own finding upon the evidence; the opinion of the jury is simply advisory, and may be adopted or rejected by the court at its discretion. We do not decide that the chancery practice governs in contesting the validity of wills. In the present case, it was adopted without objection in the trial of the case, and for this reason, at all events, there was no error in refusing judgment in favor of the appellant upon the special findings of the jury.

We think, however, that the court erred in overruling the appellant's motion for a new trial. The evidence, as it comes to us in the record, establishes quite conclusively and without conflict, that the testator was of sound mind when he made the will, and that it was duly executed.

Judgment reversed, with instructions to the court below to sustain the appellant's motion for a new trial, and for further proceedings in accordance with this opinion.

